## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

DYLAN EGLESTON, Individually and
on Behalf Of All Others Similarly Situated,

                              Plaintiff,        Case No. 1:20-cv-106-AW/GRJ
                                                **Dispositive Motion**

v.

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, AS THE PUBLIC BODY
CORPORATE OF UNIVERSITY OF
FLORIDA,

                              Defendant
_____/

## THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES' MOTION TO DISMISS CLASS ACTION COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Defendant, the University of Florida Board of Trustees ("UFBOT"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss with prejudice Plaintiff's Class Action Complaint.

## INTRODUCTION AND COMPLAINT OVERVIEW

In this case, putative class action named plaintiff Egleston ("Egleston" or "Plaintiff") asserts counts for breach of contract and unjust enrichment against UFBOT, claiming that because UFBOT converted to an online-learning format after the mid-point of the Spring 2020 semester, he was "deprived of the benefits of on-

campus learning" and did not get the full value and benefits expected for the tuition and fees he paid for the semester.  *See* Compl. ¶¶ 2, 15-17, 19-20, 22.[1]

Plaintiff's Complaint should be dismissed for three reasons.  First, UFBOT is a public instrumentality and arm of the State of Florida.  Fla. Stat. §1001.72(2).  It is, therefore, entitled to sovereign immunity absent an express waiver, such as a written contract.[2]

Second, Plaintiff's Complaint fails to attach or show the existence of any express written contract between UFBOT and Plaintiff for the payment of student tuition and fees in exchange for the in-person instruction and on-campus activities the Complaint alleges Plaintiff impliedly bargained for by enrolling in UF.  Instead, Plaintiff alleges, in conclusory terms, that "[t]hrough the admission agreement and payment of tuition and fees, Plaintiff and the putative class members have entered into a binding contract with Defendant"  and "as part of the contract, and in exchange

---

[1] UFBOT denies the accuracy of Plaintiff's allegations concerning the diminishment in relative value of in-person versus virtual academic instruction, denies that UFBOT failed to deliver any promised services, and denies that Plaintiff or the putative Class Plaintiff seeks to represent have suffered any actionable damages as a result.  While the true facts are different, even if the non-conclusory allegations in the Complaint are presumed to be true for purposes of ruling on this Motion, no viable claims are stated.

[2] It is inherent in the nature of sovereignty for the sovereign not to be amenable to the suit of an individual without its consent.  *See e.g*., The Federalist No. 81, at 487(C. Rossiter ed. 1961) (Alexander Hamilton); *see also Franchise Tax Board of California v. Hyatt,* 139 S.Ct. 1485, 1493 (2019)("An integral component of the States' sovereignty was their immunity from private suits.")(citations omitted).

for the aforementioned consideration, Defendant promised to provide certain services." Compl. ¶¶ 40-41. Even if this could be read to create an implied contract, it does not waive sovereign immunity.

Third and finally, the statutes related to student tuition and fees do not provide a private cause of action for students who are dissatisfied with tuition and fees charged by the UFBOT. Accordingly, the Complaint should be dismissed with prejudice.

## MEMORANDUM OF LAW

### I.    Legal Standard

This case is before the Court on the basis of diversity jurisdiction, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  When the federal court exercises diversity jurisdiction, substantive issues are governed by the forum state's law,[3] and federal law governs procedural issues.  *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997).  To survive a Rule 12(b)(6) motion to dismiss a plaintiff must "provide the grounds of his entitlement to relief," and factual allegations must be sufficient "to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations

---

[3] Florida substantive law, including Florida sovereign immunity law, applies in a diversity case.  *See Fluid Dynamics, LLC v. City of Jacksonville*, 752 F. App'x 924, 925-26 n.1 (11th Cir. 2018)(citing *Carlson v. FedEx*, 787 F.3d 1313, 1318 (11th Cir. 2015)).

and internal punctuation omitted).  Further, legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Mere conclusory statements "are not entitled to the assumption of truth."  *See Iqbal*, 556 U.S. at 679.  Nor do courts need to accept as true a "legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (citations omitted).  The conclusory nature of such allegations "disentitles them to the presumption of truth."  *Iqbal*, 556 U.S. at 681.  Where plaintiffs have "not nudged [their] claims across the line from conceivable to plausible, [their] complaint must be dismissed."  *Twombl*y, 550 U.S. at 570.

## II.     Sovereign Immunity Bars Plaintiff's Breach of Contract Claim

"The doctrine of sovereign immunity, which provides that a sovereign cannot be sued without its permission, … was a part of the English common law when the State of Florida was founded and has been adopted and codified by the Florida Legislature."  *City of Key West v. Florida Keys Cmty. Coll.*, 81 So. 3d 494, 497 (Fla. 2012) (citing *Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp*., 908 So. 2d 459, 471 (Fla. 2005)).  The Florida Constitution provides that the Florida Legislature can abrogate the State's sovereign immunity, but "any waiver must be clear and unequivocal" and "waiver will not be found as a product of inference or implication."  *Id*.  "In Florida, sovereign immunity is the rule, rather than the exception."  *Pan-Am Tobacco Corp. v. Dep't of Corr*., 41 So. 2d 4, 5 (Fla. 1984)

(citing Section 13, Art. X, Fla. Const.).  It "protects the state from burdensome interference from the performance of its governmental functions and preserves its control over state funds, property and instrumentalities." *Brevard County v. Morehead*, 181 So. 3d 1229, 1232 (Fla. 5th DCA 2015) (quoting *Davis v. State, Dep't of Corr.*, 460 So. 2d 452, 461 (Fla. 1st DCA 1984)).[4]

The State University System, including the board of governors and boards of trustees, was created by Article IX, Section 7 of the Florida Constitution. Specifically, Section 7(b) of Article IX provides:

> (b) STATE UNIVERSITY SYSTEM. There shall be a single state university system comprised of all public universities. A board of trustees shall administer each public university and a board of governors shall govern the state university system.

Art. IX, § 7(b), Fla. Const.

---

[4] Sovereign immunity, as a general matter and in its broadest form, bars private citizens from suing states and their instrumentalities for damages. *See, Stroud v. McIntosh*, 722 F.3d 1294, 1297 (11th Cir. 2013).  In contrast, Eleventh Amendment immunity pertains to the state's right not to be sued *in federal court*.  *Id.* at 1298 ("the Eleventh Amendment is neither a source of nor a limitation on states' sovereign immunity from suit. Rather, it is a recognition of states' sovereign immunity in federal court.").  *See also Page v. Hicks*, 773 F. App'x 515, 518 (11th Cir.), *cert denied*, 140 S.Ct. 517, 205 L.Ed 318 (2019)(by removing a proceeding to federal court, a state does not waive any defense it would have enjoyed in state court-including immunity from liability for particular claims). *In this case*, UFBOT asserts its sovereign immunity in its broadest form, against any suit for monetary damages or other relief, as UFBOT would have enjoyed in state court, but UFBOT does not invoke the Eleventh Amendment's protection from being sued in federal court. "[T]he Eleventh Amendment does not define the scope of the State's sovereign immunity; it is but one particular exemplification of that immunity." *Fed. Maritime Comm'n v. South Carolina St. Ports Auth.*, 535 U.S. 743, 753 (2002).

Florida Statute, section 1001.72 provides that:

(1)   Each board of trustees shall be a public body corporate by the name of "The (name of university) Board of Trustees," . . .

(2)     The corporation is constituted as a public instrumentality, and the exercise by the corporation of the power conferred by this section is considered to be the performance of an essential public function. . . .

§1001.72, Fla. Stat. (2010).

UFBOT "as part of the public university system of Florida, enjoys state sovereign immunity from contractual liability unless the action is based on an 'express, written contract[ ] into which the state agency has statutory authority to enter.'" *Williams v. Becker*, 608 F. App'x 905, 906 (11th Cir. 2015) (quoting *Pan–Am Tobacco Corp.*, 471 So. 2d at 6, and citing *Cnty. of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1051 (Fla. 1997) (additional citations omitted)); *see also Pinkston v. Univ. of S. Fla. Bd. of Trustees*, Case No. 8:18-cv-2651, 2019 WL 1383467, at *3 (M.D. Fla. March, 27, 2019) (finding board of trustees entitled to sovereign immunity); *Charity v. Bd. of Regents of the Div. of Univ. of Fla. Dept. of Ed.*, 698 So. 2d 907, 908 (Fla. 1st DCA 1997) (affirming board entitled to sovereign immunity and affirming dismissal due to lack of express written contract); *see also City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 448 (Fla. 4th DCA 2015)(finding sovereign immunity remains in force when a contract is merely implied).

While Plaintiff generally alleges that a contract arose between him and UFBOT by his being admitted to the university and paying tuition (*see* Compl. ¶¶ 2,

40-42), such allegations fall far short of the "express, written, contract" required to overcome UFBOT's sovereign immunity.[5]  In *Herssein Law Group v. Reed Elsevier*, 594 F. App'x 606, 608 (11th Cir. 2015), the Eleventh Circuit stated:

> It is a basic tenant of contract law that a party can only advance a claim of breach of contract by identifying and presenting the actual terms of the contract allegedly breached.  *Harris v. Am Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999).  The Sixth Circuit, in a breach of contract case originating from Ohio, concluded that the failure to attach the actual contract coupled with a failure to cite specific language doomed the claim pursuant to the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Crop. v. Twombly*, 550 U.S. 544 (2007). *Northampton Restaurant Grp, Inc. v. FirstMerit Bank, N.A.*, 492 Fed.Appx. 518, 521-22 (6th Cir. 2012).  A plaintiff may not use discovery to locate the contracts in question after filing a suit.  *Id*. at 522. Thus, HLG has failed to allege its claim for breach with STTS with sufficient specificity to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Sovereign immunity is a hurdle Plaintiff cannot overcome even if leave to amend is granted, because there simply is no "express, written contract" between UFBOT and Plaintiff.  Indeed, even giving Plaintiff the benefit of the broadest

---

[5] To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach. *George v. Wells Fargo Bank, N.A.*, No. 13-80776-CIV, 2014 WL 61487, at *3 (S.D. Fla. Jan. 8, 2014). Dismissal is procedurally justified for Plaintiff's failure to identify which provisions of the purported contract that have been breached, which "runs afoul of *Twombly*" and "renders the pleading deficient under Florida contract law." *Id.*; *see Cruz v. Underwriters at Lloyd's London*, No. 8:14-cv-1439, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014) ("It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached.").

plausible inferences from his allegations, they suggest, *at most*, an implied contract.[6]

*See Williams v. Fla. State Univ.*, No. 4:11-cv-350-MW/CAS, 2014 WL 340562, at

\*5-\*6 (N.D. Fla. Jan. 29, 2014) (applying sovereign immunity and holding a

student's relationship with the university is an implied, not an express, written

contract), *aff'd sub nom Williams v. Becker*, 608 F. App'x 905 (11th Cir. 2015);

*Pinkston*, 2019 WL 1383467, at \*4 (citing *Williams* with agreement and concluding

Pinkston could only allege an implied contract; thus, the claim was barred by

sovereign immunity).  The Florida Supreme Court has made clear that the waiver of

sovereign immunity for contract claims pertains <u>only</u> to express, written contracts,

and "[w]hen an alleged contract is merely implied, . . . sovereign immunity

protections remain in force." *Morehead*, 181 So. 3d at 1232 (quoting *Israel*, 178 So.

3d at 447); *Pan-Am Tobacco*, 471 So. 2d at 6 ("We . . . emphasize that our holding

here is applicable only to suits on express, written contracts"); *Debose v Univ. of S.

Fla.*, 178 F. Supp. 3d 1258, 1269 (S.D. Fla. 2016) (discussing *Pan-Am Tobacco* and

other Florida cases and finding sovereign immunity barred implied contract claims);

*City of Orlando v. West Orange Country Club, Inc.*, 9 So. 3d 1268, 1272-73 (Fla.

5th DCA 2009)(waiver of sovereign immunity only applicable to suits on express

written contracts into which the state agency has authority to enter).  Accordingly,

---

[6] UFBOT acknowledges these rulings for the purposes of this motion and its citation
is **not** intended to signify agreement that the act of matriculating and paying tuition
and student fees to a state university creates a contractual relationship of any type.

even if Plaintiff had alleged the existence of an implied contract, his claim would nonetheless be barred by sovereign immunity.

Here, Plaintiff has not, and cannot, plausibly point to an express written contract upon which his Complaint is based. Because Plaintiff can never plausibly plead the existence of an express, written contract, his claim is completely barred by the application of sovereign immunity and the claim should be dismissed with prejudice. *See Twombly*, 550 U.S. at 570 (requiring claim for relief to be plausible on its face); *Desantis v. Geffin*, 284 So. 3d 599, 602-03 (Fla. 1st DCA 2019) (directing dismissal with prejudice of breach of contract and contract impairment claims based on sovereign immunity); *Charity*, 698 So. 2d at 907-908 (holding that it is appropriate to address sovereign immunity due to lack of express written contract at dismissal stage); *City of Gainesville v. State, Dept. of Transp.*, 778 So. 2d 519, 531 (Fla. 1st DCA 2001) (citing *Charity* and reaffirming that lack of express written contract is properly considered on a motion to dismiss).

## III.   Unjust Enrichment Claim is Barred by Sovereign Immunity

Plaintiff's unjust enrichment count complains of the same actions as the breach of contract claim. *See* Compl. ¶¶ 47-50. "A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a 'contract' as a matter of law." *Calderone v. Scott*, No. 2:14-cv-519, 2015 WL 1800315, at \*2 (M.D. Fla. April 16, 2015) (quoting *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d

802, 805 (11th Cir. 1999)).   As set forth above, Plaintiff <u>must</u> establish the existence of an express, written contract, rather than an implied contract, in order to overcome the sovereign immunity bar.

As explained by the Florida Supreme Court in *Pam-Am Tobacco*, Florida's express waiver of sovereign immunity in section 768.28, Florida Statutes, applies only to torts.   *Pan-Am Tobacco*, 471 So. 2d at 5.   With respect to contract claims, the *Pan-Am Tobacco* Court emphasized that waiver of sovereign immunity is limited to express, written contracts, and nothing else.   *Id.* at 6; *Miorelli Eng'g, Inc.*, 703 So. 2d at 1051 (holding claims for work falling outside of express contract are barred by sovereign immunity); *Morehead*, 181 So. 3d at 1232; *Israel*, 178 So. 3d at 446. Thus, "[b]ecause unjust enrichment claims are not torts, Florida's legislature has not waived" its sovereign immunity.   *Calderone*, 2015 WL 1800315, at *2 (dismissing unjust enrichment claim with prejudice); *Llorca v. Rambosk*, No. 2:15-cv-17, 2015 WL 2095805, at *2 (M.D. Fla. May 5, 2015) (rejecting plaintiff's claims of oral contract provisions and dismissing unjust enrichment claim with prejudice); *Fin. Healthcare Assocs., Inc. v. Public Health Trust of Miami-Dade County*, 488 F. Supp. 2d 1231, 1236 (S.D. Fla. 2007) (holding claim based on implied contract barred by sovereign immunity); *Cayenta Canada, Inc. v. Orange County*, No. 6:01-cv-1232, 2002 WL 34373972, at *3 (M.D. Fla. Nov. 20, 2002) (holding unjust enrichment claim barred by sovereign immunity based upon the rational of *Miorelli Eng'g, Inc.*).

Because no unjust enrichment claim can overcome UFBOT's sovereign immunity protection, this count must be dismissed with prejudice.  *See Calderone*, 2015 WL 1800315, at \*2 (dismissing unjust enrichment claim with prejudice); *Llorca*, 2015 WL 2095805, at \*2 (dismissing claim with prejudice); *see Geffin*, 284 So. 3d at 603 (directing dismissal with prejudice where sovereign immunity bars claim).

Moreover, a claim for the equitable remedy of unjust enrichment cannot be brought if there is an express contract covering the same subject matter as the unjust enrichment claim.  *See Taylor Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp*, Case No. 5:05-cv-260, 2006 WL 4990903, at \*5 (N.D. Fla. June 15, 2006); *Sterling Breeze Owners' Ass'n, Inc. v. New Sterling Resorts, LLC*, 255 So. 3d 434, 437 (Fla. 1st DCA 2018) (citing *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)); *Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) ("[A] plaintiff cannot pursue  . . . unjust enrichment to prove entitlement to relief if an express contract exists"); *Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1369-70 (M.D. Fla. 2009)(dismissing an unjust enrichment claim with prejudice).  Here, Plaintiff's unjust enrichment count is not alleged to be in the alternative to breach of contract, and Plaintiff has not alleged his purported implied contract with UFBOT is invalid.  *See Degutis v. Fin. Freedom, LLC*, 978 F.Supp. 2d 1243, 1265-66 (M.D. Fla. 2013) (unjust enrichment may only be pleaded in the alternative to a breach of contract claim where one of the parties asserts that the

contract governing the dispute is invalid); *Cemex Constr. Materials v. Armstrong World Indus.*, Case No. 3:16-cv-186, 2018 WL 905752, at *12 (M.D. Fla. Feb. 15, 2018).   However, even giving Plaintiff the benefit of the broadest plausible inferences from his pled allegations in the Complaint, they suggest, *at most*, an implied contract, not an express one.

With or without an express written contract, UFBOT is entitled to sovereign immunity from Plaintiff's unjust enrichment claim as a matter of law, and it should be dismissed *with prejudice*.  *Llorca*, 2015 WL 2095805, at *2; *Calderone*, 2015 WL 1800315, at *2; *Morehead*, 181 So. 3d at 1232; *Brandt v. Public Health Trust of Miami-Dade*, Case No. 10-22376, 2010 WL 4062798, *1 (S.D. Fla. Oct. 15, 2010).

## III.   Plaintiff Does Not Have A Private Cause of Action Against UFBOT

Plaintiff cannot litigate this matter as a private cause of action against UFBOT.   The Florida Constitution establishes a two-tiered structure for the governance of the public university system, with overall governance being divided between the Legislature and the Florida Board of Governors ("FLBOG").  Fla. Stat. §1001.705(1)(a).  Pursuant to Article IX, Section 7(d) of the Florida Constitution, the FLBOG is responsible for the operation and management of the whole university system, subject to the powers of the Legislature to appropriate for the expenditure of funds.  Florida Statute, section 1001.705 and Chapter 1009 do not provide a

private cause of action for individual litigants who are dissatisfied with the tuition and fees charged because there is no language in Chapter 1009, Florida Statutes, suggesting an intent to create a private cause of action. *See Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994).

"The question of whether a statute establishes a duty to take precautions to protect or benefit a particular class of persons is no longer determinative on the question of whether a cause of action should be recognized." *Sorenson v. Professional Compounding Pharmacists*, 191 So. 3d 929, 934 (Fla. 2d DCA 2016) (citing *Murthy v. N. Sinha Corp.*, 644 So. 2d at 985). "[L]egislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." *Id.* at 934.[7] Pursuant to section 1001.705, Florida Statutes, and Article IX, Section 7 of the Florida Constitution, the Florida Legislature and the FLBOG (both also protected as sovereigns) have authority over

---

[7] When the statute is clear and unambiguous, the court will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent. *Universal Property & Casualty v. Loftus*, 276 So. 3d 849, 851 (Fla. 4th DCA 2019) (holding nothing in language of statute or statutory structure indicates a private cause of action was contemplated by the Florida Legislature in enacting the statute). Federal courts similarly hold that private rights of action to enforce federal law must be created by Congress, no matter how compatible with the statute, or how desirable as a policy matter, the creation of private rights might be. *Bellitto v. Snipes*, 935 F.3d 1192, 1202-03 (11th Cir. 2019).

the appropriateness of the amount of tuition and fees charged by UFBOT to UF students.  *See Graham v. Haridopolos*, 75 So. 3d  315, 318 (Fla. 1st DCA 2011).

This is consistent with the rationale for sovereign immunity, "a doctrine designed to protect the public treasury from what would otherwise be countless claims filed by the vast number of citizens affected by the actions of a government. [Sovereign immunity], at least to the extent retained by the legislature and courts, is a positively necessary and rational safeguard of taxpayers' money."  *Southern Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d 189, 190 n.1 (Fla. 2d DCA 1986)(citing *Prosser, Law of Torts* 971 (4th Ed. 1971)).  Having no private cause of action against UFBOT for tuition and fees, Plaintiff's Complaint should be dismissed with prejudice.

## IV.    The Complaint Should be Dismissed with Prejudice

As explained above, the Plaintiff's Complaint conclusively demonstrates the applicability of the doctrine of sovereign immunity to Plaintiff's breach of contract and unjust enrichment claims in this case, a legal barrier which cannot be overcome or cured by amendment, and UFBOT respectfully requests the Court dismiss the Complaint *with prejudice*.[8]  *See Rance v. Winn*, 287 Fed. Appx. 840, 841 (11th Cir.

---

[8] As further support for a dispositive dismissal, Florida law does not recognize a cause of action for educational malpractice, even if couched under the guise of a breach of contract claim.  *C.P. v Leon County School Board*, Case No. 4:03-cv065, 2005 WL 2133699 (N.D. Fla. Aug. 27, 2005)(Florida law recognizes no cause of

2008) (affirming dismissal of original complaint with prejudice because "district courts need not permit amendment where it would be futile to do so"); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (same).   Dismissal of the named plaintiff's claim requires dismissal of the entire Complaint.   *See Norris v. Smart Document Solutions*, LLC, 483 Fed.Appx. 247, 251 (6th Cir. 2012); *Robey v. Shapiro, Marianos & Cejda*, *LLC*, 434 F.3d 1208, 1213 (10th Cir. 2006) ("A putative class action complaint should be dismissed if the named plaintiff's individual claims fail to state a plausible claim for relief."); *Murray v. U.S. Bank Trust*, 365 F.3d 1284, 1293 (11th Cir. 2004)("Thus, just as plaintiff cannot pursue an individual claim unless he proves standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent."). Because Plaintiff has failed to state any viable claim in his individual capacity, the Court should dismiss the action before proceeding to class certification and no notice

---

action for educational malpractice, citing *Fla. Dept. of Health v. B.J.M.*, 656 So. 2d 906, 914 (Fla. 1995); *Armstrong v. Data Processing Inst.*, 509 So. 2d 1298, 1299 (Fla. 1st DCA 1987)(affirming dismissal of differently labeled claim that was in effect one for educational malpractice: "[r]regardless of nomenclature, the gravamen is a cause of action which is not cognizable in Florida); *Newman v. Socata SAS*, 924 F. Supp. 3d 1322, 1329 (M.D. Fla. 2013)("[b]ased on *B.J.M.* and its citation of *Tubell*, I conclude that the Supreme Court of Florida would likely refuse to recognize educational malpractice claims against academic institutions –public or private-arising from their delivery of general academic instruction . . . even if they are pleaded as other types of claims.  Florida courts examine the true nature of the claims regardless of how a plaintiff labels them.")(internal citation omitted).

of this involuntary dismissal need be given to putative class members. *Burks v. Arvest Bank*, No.4:06-cv-00551, 2006 WL 3512478, at \*2 (E.D. Ark. Dec. 6, 2006).

Dated: June 9, 2020                         Respectfully submitted,

*/s/ T. Todd Pittenger*
T. TODD PITTENGER, ESQ.
Florida Bar No.:  768936
todd.pittenger@gray-robinson.com
KELLY GARCIA, ESQ.
kelly.garcia@gray-robinson.com
Florida Bar No.:  0694851
JASON ZIMMERMAN, ESQ.
Florida Bar No. 104392
Email: jason.zimmerman@gray-robinson.com
**GRAYROBINSON, P.A.**
301 E. Pine Street, Suite 1400
Orlando, FL  32802-3068
Telephone: 407-843-8880
Facsimile: 407-244-5690

*/s/ George T. Levesque*
GEORGE T LEVESQUE, ESQ.
Florida Bar No.:  555541
George.Levesque@gray-robinson.com
**GRAYROBINSON, P.A.**
301 S. Bronough St., Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
Facsimile: 850-222-3494

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE OF LOCAL RULE 7.1(F)

I HEREBY CERTIFY that, in accordance with Local Rule 7.1(F) of the United States District Court for the Northern District of Florida, this memorandum contains 4051 words.

## CERTIFICATE OF ATTORNEY CONFERENCE - NOT REQUIRED

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(D), no attorney conference is required because this motion would determine the outcome of a case or claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2020, I E-filed the foregoing document by using the Court's CM/ECF system which will serve a copy on all counsel of record; and, I further certify that I furnished a copy of the foregoing document by *Electronic Mail* to:

Bryan DeMaggio, Esq.
Wm. J. Sheppard, Esq.
215 Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com

Thomas J. McKenna, Esq.
Gregory M. Egleston, Esq.
Gainey McKenna & Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
tjmckenna@gme-law.com
gegleston@gme-law.com

*/s/ T. Todd Pittenger*
T. TODD PITTENGER
Florida Bar No.: 768936